IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   4:10cr54/RH/CAS
                   4:14cv644/RH/CAS

DEMETRIUS HARRIS,
    Defendant.

___

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 848). The Government has filed a response (ECF No. 877) and Defendant filed a reply. (ECF No. 881). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, the court concludes that Defendant's motion is untimely and it should be denied.

BACKGROUND

Defendant Demetrius Harris was charged in a single count of a four-count fifth superseding indictment with conspiracy to possess with intent to distribute five (5) kilograms of a mixture and substance containing cocaine and one thousand (1000) kilograms or more of a mixture and substance containing marijuana. (ECF No. 308).  Six co-defendants were also charged in count one, and two co-defendants were charged with offenses on dates certain in the other three counts.

Represented by attorney Gil Scaffnit, his third attorney of record, Defendant entered a plea of guilty pursuant to a written plea agreement on March 21, 2012.  (ECF Nos. 554-556).  The agreement provided that Defendant faced a minimum term of ten (10) years imprisonment to a maximum of life imprisonment, a term of five (5) years supervised release. (ECF No. 555 at 1).  Sentencing was continued in order to allow the probation office to secure records regarding Defendant's criminal history which could have affected his eligibility for the safety valve reduction. (ECF Nos. 606, 613).

The Final Presentence Investigation Report ("PSR") reflected that Defendant had a total offense level of 29.  (ECF No. 656, PSR ¶ 40).

This level was calculated using a base offense level of 32, in accordance with Defendant's accountability for five (5) kilograms of powder cocaine, and a three level acceptance of responsibility adjustment. (*Id.*, PSR ¶¶ 32, 38). Defendant had a total of two criminal history points arising from a March 24, 2000 conviction for assault, and a November 22, 2010 conviction for aggravated assault with a deadly weapon (a vehicle). (*Id.*, PSR ¶¶ 42, 43). His criminal history category was II. (*Id.*, PSR ¶ 44). The otherwise applicable advisory guidelines range of 97 to 121 months became 120 to 121 months due to the application of the statutory mandatory minimum. (*Id.* PSR ¶¶ 62, 63).

Sentencing took place in two parts, and ultimately the court sentenced Defendant to the mandatory minimum term of 120 months in prison. (ECF Nos. 727, 728). In doing so it rejected the defense position regarding the applicability of the safety valve.

Defendant appealed, claiming that the district court erred in finding that his March 24, 2000 conviction fell within ten years of the commencement of his participation in the offense conduct in this case. (ECF No. 813). The Eleventh Circuit found no error, in light of the fact that Defendant's own testimony during the plea colloquy established his

Case Nos.: 4:10cr54/RH/CAS; 4:14cv644/RH/CAS

involvement in the conspiracy in 2009, and co-conspirators had made statements indicating that his involvement began as early as 2007. (ECF No. 813 at 5-6).

Defendant moved for 2255 relief, raising six claims for relief. The Government asserts that the motion is both time-barred and without merit.

## ANALYSIS

Timeliness

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The court entered judgment in Defendant's case on August 3, 2012. (ECF No. 671). Defendant appealed and the Eleventh

Circuit Affirmed on August 20, 2013. (ECF No. 813). Defendant had ninety days from this date to seek a petition for a writ of certiorari, or until November 18, 2013. A timely filed § 2255 motion must have been filed within one year from this date, or by November 18, 2014. The clerk did not docket Defendant's motion until December 1, 2014. However, pursuant to the prison mailbox rule, a pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir.2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). Defendant did not place his motion into the prison mailbox until November 19, 2014, and it is thus facially untimely.

The Government noted in its response that there was a twelve day delay between the time the pleading was allegedly turned over to prison authorities and the date it was received by the court.  It suggests that the lack of postmark on the envelope is indicative of an attempt to conceal the actual date of mailing.  In his reply, Defendant argues that the Government has not met its burden of showing that the pleading was not delivered to prison authorities on the date it was signed, which, as noted above, was one day past the deadline.

As the Supreme Court has stated, "[i]f 1–day late filings are acceptable, 10–day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S. Ct. 1460 (1996) (quoting *United States v. Locke*, 471 U.S. 84, 101, 105 S. Ct. 1785, 1796, 85 L.Ed.2d 64 (1985)).  "A filing deadline cannot be complied with, substantially or otherwise by filing late-even one day."  *Locke*, 471 U.S. at 101.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.  *Jones v. United States*, 304 F.3d 1035, 1038 (11th

Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  *United States v. Cicero,* 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson,* 184 F.3d 398, 402-03 (5th Cir. 1999)).  Defendant

Case Nos.: 4:10cr54/RH/CAS; 4:14cv644/RH/CAS

has not indicated any attempt to rely on the doctrine of equitable tolling, and no basis for applying this doctrine is apparent from the record.  As such, his untimely motion should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by

Case Nos.: 4:10cr54/RH/CAS; 4:14cv644/RH/CAS

either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 848) be **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 8th day of August, 2017.


        s/ Charles A. Stampelos
          **CHARLES A. STAMPELOS**
          **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1**; **28 U.S.C. § 636**.

Case Nos.: 4:10cr54/RH/CAS; 4:14cv644/RH/CAS