IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:10cr54-RH/CAS
 4:14cv644-RH/CAS

DEMETRIUS HARRIS,

    Defendant.

_____/

# ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 910. The defendant was granted a long extension of time to file objections because he was being moved to a different facility. Now, more than three months after entry of the report and recommendation and nearly three months after the record makes clear the defendant received a copy, *see* ECF No. 914, the defendant still has not filed any objections.

This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion. If, as seems unlikely, the defendant had a

basis for objections to the report and recommendation, he may file a timely motion to alter or amend the judgment that will be entered based on this order.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 848, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on November 27, 2017.

                                            s/Robert L. Hinkle
                                            United States District Judge